# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

___

LAWRENCE FRUMUSA,

                     Appellant,

-vs-

LEE E. WOODWARD, *Trustee*, and
KATHLEEN SCHMITT, *Trustee*,

                     Appellees.

10-CV-6109-CJS

Bankruptcy Case
No. 09-21527

DECISION & ORDER

___

**Siragusa, J.** On March 25, 2010, the Court entered a Decision and Order (Docket No. 2) dismissing this appeal as a result of Lawrence Frumusa's failure to perfect it. Subsequently, it was discovered in the Clerk's office that Mr. Frumusa had sent additional exhibits via email to one of the deputy clerks who, at the time, was not at work. On March 26, 2010, the email was read, and the additional papers docketed (Docket No. 3).

The Court has reviewed the additional papers submitted by Mr. Frumusa and finds they are insufficient to perfect his appeal. First, he asks the Court to request of the United States Court of Appeals, Second Circuit, that they recreate[1] a Bankruptcy Appellate Panel for the Second Circuit, and assign this appeal to it. Should Mr. Frumusa like to pursue this course of action, he may do so directly with the Second Circuit. Mr. Frumusa's fails to provide any information pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), or Bankruptcy Rule 9006(b), for a post-deadline enlargement of the time to perfect. Further, the Court's review of Mr. Frumusa's additional papers finds they do not meet the

___

[1]"Bankruptcy Appellate Panel Service within the Second Circuit commenced on July 1, 1996, but was terminated by Order of the Judicial Council of the Second Circuit on June 30, 2000." *In re Carrozella & Richardson*, 259 B.R. 239, 240 n.4 (Bkrtcy. D.Conn. 2001). Thus, all appeals from Bankruptcy Court come to the District Court for adjudication.

requirements of Bankruptcy Rule 8006. Finally, Mr. Frumusa has still not addressed how he can represent a corporate entity in this Court. *See Garner v. DII Industries, LLC, Asbestos PI Trust*, No. 08-CV-6191-CJS, 2008 U.S. Dist. Lexis 92633 (W.D.N.Y. Nov. 14, 2008) (*pro se* plaintiff cannot represent the interests of third parties in court). Accordingly, it is hereby

      ORDERED, that the Clerk is directed to close this case.

IT IS SO ORDERED.

Dated: March 29, 2010
       Rochester, New York

              ENTER:

                        /s/ Charles J. Siragusa
                        CHARLES J. SIRAGUSA
                        United States District Judge